JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-01819-RGK (AJWx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | *REBECCA MARCIANO v. CHIPOTLE MEXICAN GRILL, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 12, 2017, Rebecca Marciano ("Plaintiff") filed a complaint against Chipotle Mexican Grill, Inc. ("Defendant") alleging claims for 1) negligent, 2) strict products liability, 3) breach of warranty, and 4) merchantability. Plaintiff served the complaint on February 7, 2017.

On March 7, 2017, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Plaintiff's claims arise from allegations that she suffered injury and damages from food poisoning when she purchased and consumed a burrito from one of Defendant's restaurants. Defendant argues that damages in other cases from allegations similar to Plaintiff's have surpassed the $75,000 threshold requirement. Defendant further argues using damages awarded in other cases, along with attorney's fees, a conservative, good-faith estimate takes the amount in controversy above the $75,000 requirement.

The Court finds that Defendant's calculation is based on pure speculation and conjecture. Damages derived in other cases, alone, fail to provide adequate support for the amount in controversy of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-01819-RGK (AJWx) | Date | March 22, 2017 |
|---|---|---|---|
| Title | *REBECCA MARCIANO v. CHIPOTLE MEXICAN GRILL, INC.* | | |

this case. Therefore, the Court finds that Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer